

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00139-CR
No. 07-23-00140-CR

OSCAR REYES LUNA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 081610-D-CR & 081927-D-CR, Honorable Steven Denny, Presiding

June 3, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In April 2022, Appellant, Oscar Reyes Luna, Jr., pleaded guilty to assault family violence in trial court cause number 081610-D-CR and to aggravated assault with a deadly weapon in trial court cause number 081927-D-CR and was placed on deferred adjudication community supervision for five years.[1] Eight months later, the State moved to proceed with adjudication in both cases for alleged violations of the conditions of

---

[1] TEX PENAL CODE ANN. §§ 22.02(b)(2)(A), 22.02(a), (b)(1).

community supervision.  At the hearing, Appellant pleaded true to the alleged violations in both cases.  Following presentation of the evidence, the trial court adjudicated Appellant guilty of the original offenses and sentenced him to ten years in cause number 081610-D-CR and to thirty-four years in cause number 081927-D-CR.  By a single issue, Appellant questions whether the trial court abused its discretion in failing to conduct an on-the-record inquiry on his ability to pay costs and fees as mandated by article 42.15 of the Texas Code of Criminal Procedure.  We affirm.

## BACKGROUND

Appellant does not challenge his convictions.  Thus, only the facts necessary to resolve his issue will be addressed.

The record does not reflect the trial court held an on-the-record inquiry on Appellant's ability to pay costs.  Neither was there a waiver by Appellant to have such an inquiry.  The clerk's records, however, contain an Article 42.15 Addendum in which the trial court made the following findings:

> The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.

> The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence.  If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

The *Bills of Cost* show Appellant was assessed $425 in costs and fees in trial court cause number 081610-D-CR, and $1,025 in costs and fees in trial court cause number 081927-D-CR.

## APPLICABLE LAW

Article 42.15(a-1) regarding fines and costs, amended in 2021,[2] provides as follows:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . . (3) waived in full or in part under Article 43.091 or 45.0491; or (4) satisfied through any combination of methods under Subdivisions (1) – (3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Emphasis added). Section 42.15(a-2), added in 2023,[3] provides that a defendant may waive the on-the-record inquiry.

---

[2] *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 TEX. GEN. LAWS 202 (adding "on the record" language).

[3] *See* Act of May 28, 2023, 88th Leg., R.S., ch. 861, § 12.005, 2023 TEX. GEN. LAWS 2672, 2720.

3

Appellant contends the trial court abused its discretion by failing to conduct an on-the-record inquiry into his ability to pay court costs and fees assessed in the *Bills of Cost* and seeks a remand for the trial court to do so.[4]  We disagree.

In *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *6 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication), this Court held a trial court's determination that a defendant is not required to immediately pay costs but may do so *at some later date*, satisfies the directive in article 42.15(a-1) making a remand for an on-the-record inquiry a waste of judicial resources.   Appellant criticizes *Stanberry* as "miss[ing] the explicit significance of the amended language."  He also rebukes *Stanberry's* reliance on *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.), which Appellant describes as a "deeply flawed" decision.

Appellant notes that article 42.15(a-1) was added by the Legislature in 2017 and amended in 2021 by adding three words— "on the record."  He observes the Legislature "will not do a useless thing" and posits the 2021 amendment is rendered meaningless if trial courts are not required to make an on-the-record inquiry before determining a defendant's ability to pay.[5]  He thoroughly reviews the legislative history including the 2023 addition of subsection 42.15(a-2) which provides that a defendant may waive the

---

[4] The State suggests Appellant's issue may have not been preserved for review but based on petition being granted in *Cruz v. State*, *infra*, the State assumes without conceding that the issue is properly before this Court.  The State did not have the benefit of this Court's opinion in *Bruedigam v. State*, No. 07-23-00429-CR, 2024 Tex. App. LEXIS 3644, at *2 n.2 (Tex. App.—Amarillo May 28, 2024, no pet. h.), in which we agreed with Appellant, based on *Cruz*, that no objection was required to preserve a complaint on assessed costs.

[5] *See Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) ("[T]he Legislature did not intend to do a useless thing by putting a meaningless provision in a statute.").

requirement for the inquiry to be on the record but did not provide for waiver of the requirement that there be an ability-to-pay inquiry in the first place. Thus, he concludes the Legislature intended the on-the-record requirement to be an absolute requirement, i.e., a category one right under *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). *Cf. Cruz v. State*, __ S.W.3d __, No. 14-21-00454-CR, 2023 Tex. App. LEXIS 2987, at *7–9 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted Dec. 20, 2023) (concluding the right to an ability-to-pay inquiry is "fundamental to the proper functioning of our adjudicatory system" and finding it to be a category two right under *Marin*).[6]

Under the principles of statutory construction, Appellant contends this Court should accept the plain language of the statute and remand for a mandatory on-the-record inquiry. He argues there is no evidence to support the trial court's findings in the Article 42.15 Addendum.

While Appellant presents well-reasoned arguments, this Court has issued several decisions post-*Stanberry* and arrived at the same conclusion. *See Sparks v. State*, 2024 Tex. App. LEXIS 2574, at *7 (Tex. App.—Amarillo April 12, 2024, no pet. h.) (mem. op., not designated for publication); *Mayo v. State*, __ S.W.3d __, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 2396, at *3 (Tex. App.—Amarillo April 4, 2024, no pet. h.) (op. on reh'g). In adhering to the doctrine of horizontal stare decisis,[7] we again conclude the trial court's findings in each case that Appellant did not presently have sufficient resources to immediately pay costs *but will in the future* satisfy the directive in article 42.15(a-1). Until

---

[6] The focus of *Cruz* was error preservation and whether article 42.15(a-1) applied retroactively.

[7] Under the doctrine of horizontal stare decisis, appellate courts have less discretion to revisit their own cases or cases issued by courts of equal jurisdiction in areas of statutory construction. *Phelps v. State*, 532 S.W.3d 437, 443 n.6 (Tex. App.—Texarkana 2017, pet. ref'd).

the Court of Criminal Appeals, or this Court sitting en banc, addresses and resolves the issue, this Court is bound by *Stanberry*. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgments reflecting costs "As Per Attached Bill of Costs" are affirmed.

Alex Yarbrough
Justice

Do not publish.